UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY HALIBURTON,

      Plaintiff,

v.                                         Case No. 3:21-cv-625-MMH-LLL

RICKY D. DIXON and CENTURION
OF FLORIDA, LLC.,

      Defendants.

_____

## **ORDER**

Before the Court is Plaintiff Jerry Haliburton's Motion for Reconsideration (Doc. 40; Motion), filed under Federal Rule of Civil Procedure 59(e). Defendant Centurion filed a Response in Opposition to the Motion. See Doc. 41. On November 28, 2022, the Court dismissed this case without prejudice for Haliburton's failure to exhaust his administrative remedies. See Doc. 38 (Order). Judgment was entered the next day, November 29, 2022. See Doc. 39.

In his Motion, Haliburton requests that the Court reconsider its Order because he exhausted his administrative remedies by filing a formal medical grievance and an appeal to the Secretary. Motion at 4. He argues that while the Secretary returned his appeal as untimely filed, the Secretary did not have the authority "to make any findings as to the timeliness of the initial filing of

the [formal] grievance when the [formal] grievance was not deemed untimely at the institutional level." Id. at 5.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

Haliburton has not asserted viable grounds to warrant the Court's reconsideration of its Order dismissing this case without prejudice. In its Order, the Court considered Haliburton's assertion that the Secretary waived

2

its ability to return his appeal for procedural defects because the institutional level responded to his formal grievance on the merits. <u>See</u> Order at 14. But the Court rejected that argument, explaining "a prison does not waive a procedural defect unless and until it decides the procedurally flawed grievance on the merits at the last available stage of the administrative review." <u>Whatley v. Smith</u>, 898 F.3d 1072, 1083 (11th Cir. 2018). In sum, the Court finds that Haliburton's assertions do not support reconsideration under Rule 59(e). Haliburton simply disagrees with the Court's ruling and wants a favorable ruling, but not for any basis which might fall under Rule 59(e). Thus, the Motion is denied.

Therefore, it is now

**ORDERED AND ADJUDGED** that Haliburton's Motion for Reconsideration (Doc. 40) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of January, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:   Jerry Haliburton, #046651
     Counsel of record

3